IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREIGHTQUOTE.COM, INC., | Civil Action No. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| ALLIANCE AIR FREIGHT INCORPORATED, AVS LOGISTICS SERVICES LLC, GLOBALTRANZ ENTERPRISES, LLC, POST OAK MANAGEMENT, INC., d/b/a MOMENTUM FREIGHT, and SHANNON EXPRESS INTERNATIONAL, INC., | |
| Defendants. | |

**COMPLAINT**

Plaintiff, Freightquote.com, Inc. ("Freightquote.com"), complains of Defendants, Alliance Air Freight Incorporated, AVS Logistics Services LLC, GlobalTranz Enterprises, LLC, Post Oak Management, Inc., d/b/a Momentum Freight, and Shannon Express International, Inc., as follows:

1. This is a Complaint for unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for trademark infringement under 15 U.S.C. § 1114; for common law trademark infringement and state law unfair competition under the Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 502/2); and for violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 501/1 et seq.).

2. This Court has jurisdiction over the subject matter of the Complaint under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  Venue is proper under 28 U.S.C. § 1391.

3. Freightquote.com is a Delaware corporation with its principal place of business at 16025 W. 113th Street, Lenexa, Kansas 66219.

4. Freightquote.com maintains operations and provides freight shipping and management services in this judicial district and throughout the country through its Internet web site www.freightquote.com.

5. Alliance Air Freight Incorporated ("Alliance") is a California corporation with its principal place of business at 17849 Mayerling St., Granada Hills, California 91344.

6. Alliance provides freight shipping and management services in this judicial district and throughout the country through its Internet web site www.shipalliance.com.

7. AVS Logistics Services LLC ("AVS") is a New Jersey limited liability company with its principal place of business at 58 Beacon Hill Dr., Metuchen, New Jersey 08840.

8. AVS provides freight shipping and management services in this judicial district and throughout the country through its Internet web site www.avslogservices.com.

9. GlobalTranz Enterprises, LLC ("GlobalTranz") is an Arizona limited liability company with its principal place of business at 5415 E. High St., Suite 460, Phoenix, Arizona 85054.

10. GlobalTranz provides freight shipping and management services in this judicial district and throughout the country through its Internet web site www.globaltranz.com.

11. Post Oak Management, Inc., d/b/a Momentum Freight ("Momentum"), is a Texas corporation with its principal place of business at 12335 Kingsride #217, Houston, Texas 77024.

12. Momentum provides freight shipping and management services in this judicial district and throughout the country through its Internet web site www.momentumfreight.com.

13. Shannon Express International, Inc. ("Shannon") is a California corporation with its principal place of business at 91 Turnpike Rd. #6, Ipswich, Massachusetts 01938.

14. Shannon provides freight shipping and management services in this judicial district and throughout the country through its Internet web site www.shannonexpress.com.

15. The Court has personal jurisdiction over each of the Defendants because, among other things, they each transact business in this judicial district, at least by offering to sell, selling and/or advertising freight shipping and management services through the Internet in such a way as to reach customers in Illinois and this judicial district. Personal jurisdiction also exists because each of the Defendants has committed acts of infringement in Illinois and this judicial district from which this cause of action arose. This judicial district is one of the most active locations in the country for the freight shipping and management services at issue in the case, and is a centralized location among all of the parties.

16. Each of the Defendants' infringing services are not only being placed in the stream of commerce in Illinois, in this judicial district and elsewhere in the United States, but they are offered in direct competition with Freightquote.com's services.

**General Allegations**

17. Freightquote.com has ownership and usage rights in at least the following URLs: www.freightquote.com, www.freightquote.org, www.freightquote.net, www.freight-quotes.net and www-freight-quotes.com.

18. Freightquote.com owns and has standing to sue for infringement of its family of "freightquote," "freightquote.com" and "freightquote.net" trademarks, including both its common law marks as well as United States Trademark Registration Nos. 3,185,852, 3,185,806 and 2,369,546 (collectively the "Freightquote Trademarks").

3

19. The Freightquote Trademarks have been in use by Plaintiff in interstate commerce and throughout the United States since at least 1999. As a result of Freightquote.com's extensive sales, advertising and promotion of freight shipping and management services using the Freightquote Trademarks, those marks have become widely and favorably known and recognized in the trade as originating with Freightquote.com.

20. The Freightquote Trademarks achieved strong and favorable public recognition and secondary meaning before each of the Defendants' first use of the same marks in the offer for sale, sale and promotion of the same services.

21. This Court has previously entered Consent Judgment Orders in three separate civil actions finding that "… Freightquote.com has valid, protectable, and enforceable common law and federal trademark rights in its "freightquote" and "freightquote.com" trademarks, including United States Trademark Registration Nos. 3,185,852, 3,185,806, and 2,369,546" (see, e.g., Judge Amy J. St. Eve, Case 1:08-cv-00823, Document 44, July 1, 2008; Judge Ronald A. Guzman, Case No. 1:08-cv-05249, Document 30, December 8, 2008; Judge Milton I. Shadur, Case 1:09-cv-00346, Document 24, March 3, 2009).

22. With full knowledge of Plaintiff's trademark rights, Alliance in bad faith selected and began using the confusingly similar marks "Freightquote" and/or "FreightQuote" in its Pay-Per-Click advertising links on the Google® Internet search engine to intentionally mislead customers into believing that Alliance was sponsored by or affiliated with Plaintiff.

23. The activities of Alliance complained of herein constitute willful and intentional infringement of the Freightquote Trademarks and were commenced and have continued despite knowledge that its unauthorized use of the Freightquote Trademarks is in direct contravention of Plaintiff's rights.

24. With full knowledge of Plaintiff's trademark rights, AVS in bad faith selected and began using the confusingly similar marks "Freightquote" and/or "FreightQuote" in its Pay-Per-Click advertising links on the Google® Internet search engine to intentionally mislead customers into believing that AVS was sponsored by or affiliated with Plaintiff.

25. The activities of AVS complained of herein constitute willful and intentional infringement of the Freightquote Trademarks and were commenced and have continued despite knowledge that its unauthorized use of the Freightquote Trademarks is in direct contravention of Plaintiff's rights.

26. With full knowledge of Plaintiff's trademark rights, GlobalTranz in bad faith selected and began using the confusingly similar marks "Freightquote" and/or "FreightQuote" in its Pay-Per-Click advertising links on the Google® Internet search engine to intentionally mislead customers into believing that GlobalTranz was sponsored by or affiliated with Plaintiff.

27. The activities of GlobalTranz complained of herein constitute willful and intentional infringement of the Freightquote Trademarks and were commenced and have continued despite knowledge that its unauthorized use of the Freightquote Trademarks is in direct contravention of Plaintiff's rights.

28. With full knowledge of Plaintiff's trademark rights, Momentum in bad faith selected and began using the confusingly similar marks "Freightquote" and/or "FreightQuote" in its Pay-Per-Click advertising links on the Google® Internet search engine to intentionally mislead customers into believing that Momentum was sponsored by or affiliated with Plaintiff.

29. The activities of Momentum complained of herein constitute willful and intentional infringement of the Freightquote Trademarks and were commenced and have

continued despite knowledge that its unauthorized use of the Freightquote Trademarks is in direct contravention of Plaintiff's rights.

30. With full knowledge of Plaintiff's trademark rights, Shannon in bad faith selected and began using the confusingly similar marks "Freightquote" and/or "FreightQuote" in its Pay-Per-Click advertising links on the Google® Internet search engine to intentionally mislead customers into believing that Shannon was sponsored by or affiliated with Plaintiff.

31. The activities of Shannon complained of herein constitute willful and intentional infringement of the Freightquote Trademarks and were commenced and have continued despite knowledge that its unauthorized use of the Freightquote Trademarks is in direct contravention of Plaintiff's rights.

32. Each of the Defendants' intentional copying and unauthorized use of the Freightquote Trademarks is calculated to deceive the public and unfairly trade off Plaintiff's goodwill and reputation developed from its association with the Freightquote Trademarks. Such use deprives Plaintiff of control over the quality of services the general public has come to associate with Freightquote.com. The negative effects and damage to the Plaintiff's reputation are substantial and irreparable.

33. Each of the Defendants has caused, and will continue to cause, confusion in the marketplace as to the source, sponsorship or affiliation between Plaintiff's and Defendants' services, unless and until enjoined by this Court. Each of the Defendants has also caused initial interest confusion by using the Freightquote Trademarks to improperly lure and/or divert customers to their respective web sites.

### Count I
### Unfair Competition And False Designation Of Origin

34. Plaintiff repeats the allegations of ¶¶ 1 through 33, above.

35. This claim is for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Alliance was fully aware of the popularity of Freightquote.com's freight shipping and management services and the clear association of the Freightquote Trademarks with those services. Alliance intentionally advertised and promoted its services on the Google Internet search engine using the "Freightquote" and/or "FreightQuote" marks which create the same overall visual effect as the Freightquote Trademarks. The "Freightquote" and "FreightQuote" links were designed to have the same overall appearance as the Freightquote Trademarks and are confusingly similar thereto.

37. Sales of freight shipping and management services through web sites accessed through links using the "Freightquote" and/or "FreightQuote" marks by Alliance are likely to cause confusion on the part of users of such services. The public, therefore, will be falsely led to associate Alliance's services with Freightquote.com's services because of the similarity in text, appearance and look. Consumers are likely to believe that Alliance's services are either licensed or sponsored by Freigthquote.com or are being placed on the market with the consent and authority of Freightquote.com.

38. AVS was fully aware of the popularity of Freightquote.com's freight shipping and management services and the clear association of the Freightquote Trademarks with those services. AVS intentionally advertised and promoted its services on the Google Internet search engine using the "Freightquote" and/or "FreightQuote" marks which create the same overall visual effect as the Freightquote Trademarks. The "Freightquote" and "FreightQuote" links were designed to have the same overall appearance as the Freightquote Trademarks and are confusingly similar thereto.

39. Sales of freight shipping and management services through web sites accessed through links using the "Freightquote" and/or "FreightQuote" marks by AVS are likely to cause confusion on the part of users of such services. The public, therefore, will be falsely led to associate AVS's services with Freightquote.com's services because of the similarity in text, appearance and look. Consumers are likely to believe that AVS's services are either licensed or sponsored by Freigthquote.com or are being placed on the market with the consent and authority of Freightquote.com.

40. GlobalTranz was fully aware of the popularity of Freightquote.com's freight shipping and management services and the clear association of the Freightquote Trademarks with those services. GlobalTranz intentionally advertised and promoted its services on the Google Internet search engine using the "Freightquote" and/or "FreightQuote" marks which create the same overall visual effect as the Freightquote Trademarks. The "Freightquote" and "FreightQuote" links were designed to have the same overall appearance as the Freightquote Trademarks and are confusingly similar thereto.

41. Sales of freight shipping and management services through web sites accessed through links using the "Freightquote" and/or "FreightQuote" marks by GlobalTranz are likely to cause confusion on the part of users of such services. The public, therefore, will be falsely led to associate GlobalTranz' services with Freightquote.com's services because of the similarity in text, appearance and look. Consumers are likely to believe that GlobalTranz' services are either licensed or sponsored by Freigthquote.com or are being placed on the market with the consent and authority of Freightquote.com.

42. Momentum was fully aware of the popularity of Freightquote.com's freight shipping and management services and the clear association of the Freightquote Trademarks with

those services. Momentum intentionally advertised and promoted its services on the Google Internet search engine using the "Freightquote" and/or "FreightQuote" marks which create the same overall visual effect as the Freightquote Trademarks. The "Freightquote" and "FreightQuote" links were designed to have the same overall appearance as the Freightquote Trademarks and are confusingly similar thereto.

43. Sales of freight shipping and management services through web sites accessed through links using the "Freightquote" and/or "FreightQuote" marks by Momentum are likely to cause confusion on the part of users of such services. The public, therefore, will be falsely led to associate Momentum's services with Freightquote.com's services because of the similarity in text, appearance and look. Consumers are likely to believe that Momentum's services are either licensed or sponsored by Freigthquote.com or are being placed on the market with the consent and authority of Freightquote.com.

44. Shannon was fully aware of the popularity of Freightquote.com's freight shipping and management services and the clear association of the Freightquote Trademarks with those services. Shannon intentionally advertised and promoted its services on the Google Internet search engine using the "Freightquote" and/or "FreightQuote" marks which create the same overall visual effect as the Freightquote Trademarks. The "Freightquote" and "FreightQuote" links were designed to have the same overall appearance as the Freightquote Trademarks and are confusingly similar thereto.

45. Sales of freight shipping and management services through web sites accessed through links using the "Freightquote" and/or "FreightQuote" marks by Shannon are likely to cause confusion on the part of users of such services. The public, therefore, will be falsely led to associate Shannon's services with Freightquote.com's services because of the similarity in text,

appearance and look. Consumers are likely to believe that Shannon's services are either licensed or sponsored by Freigthquote.com or are being placed on the market with the consent and authority of Freightquote.com.

46. Each of the Defendants has willfully, deliberately and with predatory intent, created such confusion by copying and reproducing the distinctive and unique Freightquote Trademarks; and has advertised and sold its/his services so as to cause public confusion and deception. Further, each of the Defendants' sales and offers to sell its/his services have caused Freightquote.com the loss of its valuable goodwill and reputation for selling distinctive and high-quality freight shipping and management services under the Freightquote Trademarks. Finally, each of the Defendants has also caused initial interest confusion by using the Freightquote Trademarks to improperly lure and/or divert customers to their respective web sites.

47. The foregoing acts by each of the Defendants of false designation of the origin of its/his services have deceived and will deceive the public, all in violation of Section 43(a) of the Lanham Act. Such acts have irreparably injured and will continue to injure Freightquote.com unless enjoined by this Court.

## Count II
## Trademark Infringement

48. Plaintiff repeats the allegations of ¶¶ 1 through 47, above.

49. This claim for relief arises under the Lanham Act, Title 15 U.S.C. § 1051 et seq.

50. Freightquote.com owns and has standing to sue for infringement of the Freightquote Trademarks. Freightquote.com advertises, offers for sale and sells freight shipping and management services using the trademarks at issue.

51. Notice of the trademark registrations has been given in accordance with 15 U.S.C. § 1111.

52. Each of the Defendants' unauthorized use of the Freightquote Trademarks is likely to cause confusion, deception and mistake on the part of the consuming public to the irreparable harm and detriment of the established reputation, goodwill and business of Freightquote.com. The acts complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114.

53. By reason of each of the Defendants' acts, Freightquote.com will continue to suffer damage to its business, reputation and good will and the loss of sales and profits that Freightquote.com would have made but for Defendants' acts.

54. Each of the Defendants' unlawful infringement has irreparably damaged Freightquote.com and will continue to do so unless enjoined by this Court.

## Count III
## Common Law Trademark Infringement And State Law Unfair Competition

55. Plaintiff repeats the allegations of ¶¶ 1 through 54, above.

56. Because of its extensive sales and publicity, Freightquote.com acquired common law trademark rights in and to its Freightquote Trademarks for its freight shipping and management services. Each of the Defendants' acts of consumer deception described above are deliberately calculated to confuse citizens of the State of Illinois and elsewhere in the United States as to the source and origin of each of the Defendants' services. Such acts constitute infringement of Freightquote.com's common law trademark rights, false advertising, as well as unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2) for the infringing activities which occur primarily and substantively in Illinois.

57. By reason of the acts complained of herein, each of the Defendants has engaged in and will continue to engage in unfair competition with, and will continue to infringe

Freightquote.com's trademark rights, all to Freightquote.com's continuing irreparable detriment and damage to Illinois consumers unless enjoined by this Court.

58. Each of the Defendants, in committing the acts complained of herein, has acted with malice and in reckless disregard of the rights of Freightquote.com.

## Count IV
### Violation Of The Illinois Uniform Deceptive Trade Practices Act

59. Plaintiff repeats and realleges the allegations of ¶¶ 1 through 58, above.

60. Each of the Defendants has willfully and deceptively diverted Plaintiff's customers, thereby depriving Plaintiff of sales and revenue which it otherwise would have had.

61. Each of the Defendants' acts complained of herein constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(1), (2), (3), (5) and (12).

62. Unless prevented, each of the Defendants will continue to misappropriate the business and goodwill of Plaintiff and divert Plaintiff's customers by continuing to engage in acts which constitute deceptive trade practices.

### PRAYER FOR RELIEF

WHEREFORE, Freightquote.com seeks the following relief:

A. That each of the Defendants individually, Alliance Air Freight Incorporated, AVS Logistics Services LLC, GlobalTranz Enterprises, LLC, Post Oak Management, Inc., d/b/a Momentum Freight, and Shannon Express International, Inc., and each of their respective officers, agents, directors, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from:

1. using the Freightquote Trademarks and common law trademarks (or marks confusingly similar) in association with freight shipping and management services;

2. causing confusion with Freightquote.com's services and injury to Freightquote.com's reputation, business and trademarks;

3. advertising (over the Internet, through catalogs, or otherwise), selling, using, accepting orders for or offering to sell services in conjunction with, or under, the Freightquote Trademarks;

4. causing further confusion with and injury to Freightquote.com's reputation, business and Freightquote Trademarks and common law trademarks, including Freightquote.com's symbols, labels or other forms of advertisement and trademarks;

5. otherwise infringing the Freightquote Trademarks and common law trademarks.

B. That Freightquote.com be awarded damages as provided by law, including but not limited to damages pursuant to 15 U.S.C. §§ 1117(a)-(c).

C. That Freightquote.com be awarded statutory damages pursuant to 15 U.S.C. § 1117(d).

D. That Freightquote.com be awarded its costs and expenses in bringing and maintaining this action, including reasonable attorneys' fees.

E. That Freightquote.com be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of each of the Defendants' unlawful acts, including Freightquote.com's loss of goodwill, loss of past and/or future sales, and damages caused by each of the Defendants' acts of trademark infringement, common law trademark

infringement and unfair competition. That Freightquote.com be awarded increased damages based upon the intentional and willful nature of each of the Defendants' conduct of the kind complained of herein. That Freightquote.com be awarded all profits received by each of the Defendants from the sale of services identified or advertised through the use of identical or confusingly similar designations and marks.

   F. That each of the Defendants be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in its/his possession, custody or control bearing the Freightquote Trademarks or any other similar designations.

   G. That each of the Defendants be ordered to (a) prepare and send to its/his customers and the general public corrective statements approved by Freightquote.com, correcting all false statements made and all misrepresentations made concerning the Freightquote Trademarks; and (b) to disclaim any association between the Defendant and Freightquote.com and/or its/his services.

   H. That judgment be entered in favor of Freightquote.com and against each of the Defendants on each claim made in the Complaint.

   I. That the Court provide Freightquote.com with such other and further relief as it deems just and proper, or that Freightquote.com may be entitled to under the law.

## JURY DEMAND

A trial by jury is demanded on all issues triable to a jury in this case.

>Respectfully submitted,
>
>/s/ Raymond P. Niro, Jr.
>Raymond P. Niro, Jr.
>Robert A. Conley
>NIRO, HALLER & NIRO
>181 West Madison, Suite 4600
>Chicago, Illinois 60602 4515
>Phone: (312) 236 0733
>Facsimile: (312) 236 3137
>rnirojr@nshn.com; conley@nshn.com
>
>Attorneys for Freightquote.com, Inc.